# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
               )
      Respondent/Plaintiff, )  Case No.: 2:12-cr-00240-GMN-GWF
 vs.           )
               )  **ORDER**
JOHNNIE RAY BURKHOLDER, )
               )
      Petitioner/Defendant. )
               )

   Pending before the Court is Petitioner Johnnie Ray Burkholder's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 52), to which Respondent United States of America (the "Government") filed a Response, (ECF No. 62). For the reasons discussed below, Petitioner's 2255 Motion is **DENIED**.

## I. <u>BACKGROUND</u>

   On December 3, 2012, Petitioner pleaded guilty to one count of federal bank robbery in violation of 18 US.C. § 2113(a). (Plea Agreement, ECF No. 24); (Mins. Proceedings, ECF No. 23). The Court accordingly sentencing Petitioner to a term of 151 months imprisonment. (J., ECF No. 32).

   On September 29, 2014, Petitioner filed his first Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, which asserted four grounds for relief: (1) Petitioner's counsel failed to file an appeal; (2) the presentence report from the United States Probation Office had inaccurate information; (3) the Court did not apply a downward departure due to diminished health or mental capacity; and (4) unlawful application of the United States Sentencing Guidelines. (Mot. Vacate at 5–7, ECF No. 42). The Court denied Petitioner's Motion to Vacate Sentence on December 29, 2014. (Order, ECF No. 48).

On June 6, 2016, Petitioner filed the instant 2255 Motion with the Court; and Petitioner received approval from the Ninth Circuit Court of Appeals to proceed with the 2255 Motion as a "second or successive 28 U.S.C. § 2255 motion" on February 16, 2017. (USCA Order, ECF No. 59).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). Motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

A second motion pursuant to 28 U.S.C. § 2255 can only proceed with approval from the court of appeals for the circuit of the district court that imposed the sentence. *See* 28 U.S.C. § 2255(h). "[O]nce the bar to considering a second or successive petition or motion has been overcome, the analysis of the merits is the same as if the petitioner were bringing a first petition or motion." *United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017).

## III. DISCUSSION

In the 2255 Motion, Petitioner argues that the sentence of 151 months violates due process because the Court imposed it under an unconstitutionally vague portion of the United States Sentencing Guidelines (U.S.S.G.)—specifically, U.S.S.G. § 4B1.2, known as the residual clause. (2255 Motion 2:2–7, ECF No. 52). Petitioner's vagueness argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the US Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague.

*Johnson*, 135 S. Ct. at 2557.  Petitioner accordingly points to the language in U.S.S.G § 4B1.2's residual clause, which is identical to the ACCA's residual clause, for the proposition that the statutory provisions, and any sentences imposed under them, are invalid. (*Id.* 4:18–23).

However, the US Supreme Court's later decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), forecloses Petitioner's argument.  In *Beckles*, the US Supreme Court ruled that the United States Sentencing Guidelines are not subject to void-for-vagueness challenges. *Beckles*, 137 S. Ct. 886, 894 (2017) ("Unlike the ACCA, however, the advisory guidelines do not fix the permissible range of sentences. . . . Accordingly, the Guidelines are not subject to vagueness challenge under the Due Process Clause").  Thus, Petitioner has no basis for relief under *Johnson*.

Additionally, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Ornoski*, 435 F.3d at 951 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In order to meet this threshold inquiry, Petitioner has the burden of demonstrating that the issues are debatable among jurists of reason, a court could resolve the issues differently, or the questions are adequate to deserve encouragement to proceed further. *Id*.

The Court has considered the issues raised by Petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability.  The Court finds that none of the issues in Petitioner's 2255 Motion meet that standard.  The Court thus will not issue a certificate of appealability.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's 2255 Motion, (ECF No. 52), is **DENIED**.

**DATED** this __8__ day of April, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court