**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JOHNNIE BURKHOLDER, ) <br> ) <br> Defendant. ) | Case No.: 2:12-cr-00240-GMN-CWH <br><br> **ORDER** |

Pending before the Court is Defendant Johnnie Burkholder's ("Defendant's") Emergency Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A), (ECF No. 65). The Government filed a Response, (ECF No. 67), and Defendant filed a Reply, (ECF No. 70). For the reasons discussed below, the Court **DENIES** Defendant's Motion.[1]

**I.   BACKGROUND**

Defendant pleaded guilty on December 3, 2012, to one count of federal bank robbery in violation of 18 US.C. § 2113(a). (Plea Agreement, ECF No. 24); (Mins. Proceedings, ECF No. 23). The Court accordingly sentenced him to a term of 151 months imprisonment with 3 years of supervised release to follow. (J., ECF No. 32). To date, Defendant has served more than eight years of his sentence, and his release date is set for May 2023. Defendant now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) by arguing that he has a heightened risk of severe illness in custody due to his existing medical conditions combined with the ongoing COVID-19 pandemic. (Em. Mot. 1:16–2:2, ECF No. 65).

---

[1] Also pending before the Court is the Government's Motion for Leave to File Sealed Exhibits, (ECF No. 68), which concerns Defendant's medical records. Because of the medical records' confidential nature, the Government's Motion is **GRANTED**.

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the Court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). Generally, to be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

## III. DISCUSSION

The Court's below discussion reviews Defendant's request for compassionate release through a three-step process. First is whether Defendant exhausted his administrative remedies before filing his Motion. Then, the Court determines if Defendant's articulated grounds for release amount to "extraordinary and compelling reasons" as required by § 3582(c)(1)(A)(i). The last step concerns ensuring that release is "'consistent with applicable policy statements issued by the Sentencing Commission,' including the requirement that the defendant 'is not a danger to the safety of any other person or to the community.'" *United States v. Walters*, No. 2:16-cr-00011-JAD-PAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020).

### A. Exhaustion of Administrative Remedies

The Court considers a defendant to have fully exhausted the available administrative remedies for compassionate release if the defendant made a compassionate release request to the warden of his facility and thirty days have since lapsed without a decision. 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGreggor*, No. 2:18-cr-244-JCM-DJA, 2020 WL

2308081, at *2 (D. Nev. May 8, 2020).  Here, Defendant satisfied his burden to show exhaustion of administrative remedies through that process.  He provides his May 6, 2020 request for compassionate release submitted to the Warden of FCI Greenville, and Defendant represents that as of June 9, 2020, no decision has been made. (Inmate Request to Staff, Ex. A to Em. Mot., ECF No. 65-1).

### B. Extraordinary and Compelling Reasons

Addressing next the merits of Defendant's request for compassionate release, he asserts that his chronic medical conditions place him at a high risk for serious and life-threatening symptoms if he were to contract COVID-19 while in custody.  His medical conditions include Basil Cell Carcinoma, Hepatitis C, Hypertension, Osteoarthritis, and Sleep Apnea. (Em. Mot. 7:3–9).  In addition to those conditions, Defendant is sixty-four years old. (*Id.* at 1:21–22).

When determining if "extraordinary and compelling reasons" exists for compassionate release in light of the COVID-19 pandemic, courts both in and outside this District have looked to the safety of the defendant's current detention institution compared to release as well as whether the defendant's medical conditions elevate the risk of severe illness from COVID-19.  *See, e.g.*, *United States v. Kauwe*, No. 3:14-cr-00044-MMD-WGC-1, 2020 WL 2926460, at *2 (D. Nev. June 3, 2020); *United States v. Walters*, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020); *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 WL 2464685, at *6 (D. Conn. Apr. 30, 2020).  For example, in *United States v. Kauwe*, the court denied compassionate release even though the defendant suffered slight obesity and hypertension.  *See* 2020 WL 2926460, at *1 (D. Nev. June 3, 2020).  That decision focused on the substantial reduction in COVID-19 infections at the defendant's facility and the defendant's medical conditions not appearing as particularly high-risk factors by the Centers for Disease Control and Prevention ("CDC'). *Id.* at *2; *but see United States v. Salvagno*, No. 5:02-CR-51 (LEK), 2020 WL 3410601, at *5 (N.D.N.Y. Apr. 23, 2020), *reconsideration denied* (June 22,

2020) (finding extraordinary and compelling reasons supporting compassionate release based on the defendant's heightened risk of developing severe symptoms due to hypertension and "the significant outbreak at FCI Danbury").

The Government contends that even when taking Defendant's medical conditions together, they still do not amount to "extraordinary and compelling reasons" warranting compassionate release from custody. (Gov't Resp. 12:8–12, ECF No. 67). The Court agrees. Only one of Defendant's medical conditions appear on the CDC's list as potentially creating an increased risk of severe illness from COVID-19: Hypertension. *See Who Is At An Increased Risk for Severe Illness?*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 3, 2020). Defendant's other conditions of Basil Cell Carcinoma, Osteoarthritis, and Sleep Apnea are not mentioned in the CDC's materials on COVID-19; and there is currently "no information about whether people with . . . hepatitis C are at increased risk." *See What to Know about Liver Disease and COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last visited July 3, 2020). And for each of Defendant's conditions, his medical records show they are either in remission, well controlled by medication, or Defendant has voluntarily chosen not to seek treatment. (Medical Treatment Refusal at 54, Ex. 2 to Gov't Response, ECF No. 69-1); (Health Services Encounter dated 3/16/2020 at 25, Ex. 2 to Gov't Response, ECF No. 69-1). As the Government notes, Defendant's refusal of treatment or testing for certain conditions hampers his claim that those same conditions now require compassionate release.

Furthermore, Defendant's current facility of FCI Greenville has not experienced an outbreak of COVID-19 infections as of this Order's date. Current records show no inmates or staff as positive, with one case of recovery. *See COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 2, 2020). Compassionate release thus does

not appear necessary to prevent an imminent, likely exposure to Defendant. *Cf. United States v. Walters*, No. 2:16-cr-00011-JAD-PAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020) (denying compassionate release and supporting that decision with, among other reasons, a finding that "[a]lthough the COVID-19 pandemic is undeniably grave and its effect on every aspect of American life is unprecedented, its impact at NSDC has been minimal.").

Accordingly, although Defendant's medical conditions present concern about the potential for severe illness when combined with COVID-19, they do not amount to "extraordinary and compelling reasons" warranting compassionate release under the full circumstances of this case.

**C. Danger to the Community**

Aside from the absence of extraordinary and compelling reasons, the Court also finds that compassionate release is not warranted based on the applicable factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release).  These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

Relevant to the first two factors listed above, Defendant contends he poses a low risk of recidivism due to his age, time in custody, and applicable term of supervision if released. (Reply 7:9–8:9, ECF No. 70).  But his actions while incarcerated differ greatly from those who have shown they pose no danger to the safety of any person or the community if compassionately released. *Compare United States v. Regas*, No. 391CR00057MMDNA1, 2020

WL 2926457, at *4 (D. Nev. June 3, 2020) ("Defendant has shown that he has no disciplinary write-up during his entire 27 years of incarceration (ECF No. 1823-2) and that he has taken advantage of the educational opportunities available."), *with* (Em. Mot. at 15:23–16:2, 17:1) (noting Defendant has had two disciplinary infractions since his incarceration eight years ago and that he "unfortunately has no firm release plan").  Relatedly, Defendant has an extensive history of criminal activity involving fraud, violence, and violations of probation conditions.  (*See* Gov't Resp. 3:10–4:9) (listing Defendant's criminal activity since the 1980s).  His criminal activity has continued even after turning fifty.  Defendant thus provides no reason for the Court to now find that he poses little to no risk of danger to the community if released.  Moreover, the remaining factors of § 3553(a) do not weigh toward compassionate release, especially because Defendant's current sentence is on the low end.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion for Leave to File Sealed Exhibits, (ECF No. 68), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A), (ECF No. 65), is **DENIED**.

**DATED** this __3__ day of July, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court